**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-CV-24739-ALTONAGA**

JONELL DEHAVEN

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [ECF No. 26], and states as follows*:

### ANSWER

### JURISDICTION, VENUE, AND PARTIES

1. Without knowledge, therefore denied.

2. Admitted Defendant maintains an office in Miami-Dade County, Florida.

3. Admitted for purposes of this litigation only that the Court has jurisdiction over this Defendant.

4. Admitted Plaintiff is seeking damages in excess of $75,000, denied as to Plaintiff's entitlement to same.

5. Admitted.

6. Admitted for purposes of this litigation only that this Court has jurisdiction over this Defendant.

7. Admitted.

8. Admitted that Defendant operated the Carnival *Liberty* for fare-paying passengers.

9. Admitted.

10. Admitted only that venue is proper.

11. Denied.

## GENERAL ALLEGATIONS

12. Admitted that Defendant operated the Carnival *Liberty* for fare-paying passengers.

13. Admitted.

14. Without knowledge, therefore denied.

15. Denied.

16. Without knowledge, therefore denied.

17. Denied as phrased.

18. Denied as phrased.

19. Denied.

20. Denied as phrased.

## COUNT I – GENERAL NEGLIGENCE

Defendant reincorporates its responses to paragraphs one (1) through twenty (20) as if fully stated herein.

21. Admitted that Defendant operated the *Liberty* on the date of the alleged incident.

22. Admitted Defendant owes a duty of reasonable care.

23. Denied, including subparts (a) and (b).

24. Denied as a legal conclusion.

25. Denied.

26. Denied.

27.     Denied.

\* Any allegation not specifically admitted to is hereby denied.

### AFFIRMATIVE DEFENSES

A.      This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract.

B.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

C.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

D.      Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage, and failed to do so.

E.      Plaintiff herself was negligent and therefore any damages awarded in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

F.      Plaintiff failed to seek timely medical treatment for her condition which caused and/or exacerbated her damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

G.      As to any alleged medical expenses that were contractually reduced, Plaintiff should only be permitted to introduce evidence showing the actual costs of the medical bills and

not the unreduced amount. Moreover, Plaintiff should only be permitted to introduce evidence of paid bills that are reasonable and customary.

H.      Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

I.      Plaintiff's damages were the result of a pre-existing injury/condition.  Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

J.      Plaintiff's damages were caused in whole or in part by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

K.      The injuries complained of by Plaintiff in this action were caused or suffered during incidents other than the ones alleged to have occurred from the incident stated in the Complaint, and therefore non-compensable in this action and the Defendant is not liable for those injuries.

L.      Defendant is entitled to a setoff for any settlement or award obtained by the Plaintiff from any other person or entity for the injuries she claims of in this action, as provided by Florida law.

M.      Plaintiff has failed to state a claim for vicarious liability as a matter of law.

N.      Defendant had no notice of any alleged risk-creating condition.

O.      Any risk-creating condition was open and obvious, obviating any duty to warn by Defendant.

Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    *michael.drahos@gray-robinson.com*
    W. Cooper Jarnagin
    Florida Bar No. 117767
    *cooper.jarnagin@gray-robinson.com*
    Ashley Genoese
    Florida Bar No. 1019357
    *ashley.genoese@gray-robinson.com*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Cooper Jarnagin

## SERVICE LIST
## CASE NO. 1:23-cv-24739-ALTONAGA

Mark Richard Hanson
Gordon & Doner, P.A.
4114 Northlake Blvd.
Palm Beach Gardens, FL 33410
United States
561-799-5070
Fax: 561-799-4050
Email: *mhanson@fortheinjured.com*